**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

DEBORAH HILL,

Plaintiff,

V. Case No: ___________________

GO FLORIDA INVESTMENTS INC.,
d/b/a Roelens Vacation Rentals and
Management, Roelens Vacations, and
KOEN ROELENS,

Defendants.
_____________________________________.

**FLSA COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DEBORAH HILL sues Defendants, GO FLORIDA INVESTMENTS INC., d/b/a Roelens Vacation Rentals and Management, Roelens Vacations, and KOEN ROELENS (hereinafter collectively referred to as "Defendants" or "Roelens") for violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.* for failure to pay overtime compensation and a premium for all hours worked over forty (40) each week.

**INTRODUCTION**

1. The Fair Labor Standards Act is our nation's foremost wage law. The overtime requirements of the FLSA were designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for

health, efficiency, and general well-being of workers..." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employees. 29 U.S.C. §§ 206(a) and 207(a). It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. §213.

2. Throughout Plaintiff's employment she was not paid a premium for overtime hours worked and was paid on a salary basis and misclassified as exempt from overtime premiums.

3. Defendants have maintained a scheme to avoid its obligations to pay overtime wages to Plaintiff and its entire staff and employees in order to save hundreds of thousands of dollars in labor costs and maximize profits all to the detriment of their employees.

4. Alternatively, Defendants classified Plaintiff as non-exempt, but willfully refused to comply with the overtime requirements of the FLSA and willfully refused to pay overtime premiums to her for the hours they knew and should have known she worked over 40 in each and every workweek.

5. Defendants mandated and required overtime hours to be worked Plaintiff but without paying her any overtime premiums

6. Defendants also discourage and take actions to dissuade, mislead, and prevent full and accurate reporting of all work hours for all hours worked.

7. Plaintiff routinely worked more than 40 hours in the weeks she was a Maintenance Manager and property Manager 6 days, including working on call and being on call during non-business hours and her days off.

8. The Maintenance Manager position required Plaintiff to service property owners and vacation home renters and respond to their needs or issues after business hours, and on weekends, and Defendants both required this and knew this occurred.

9. Moreover, Defendants knew that the position of Maintenance Manager required Plaintiff to work more than routinely work more than 40 hours each week in order to complete her job duties and attend to the needs of the owners, vacation home renters and the vacation homes involved.

10. Defendants willfully failed and refused to pay Plaintiff overtime premiums for the hours she worked above 40 in each and every workweek, and willfully misclassified and treated her as exempt from overtime premiums and pay.

## JURISDICTION AND VENUE

11. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, since this action involves a federal question under the Fair Labor Standards Act, 29 U.S.C. §§201-219, inclusive.

12. This Court has personal jurisdiction over these Defendants pursuant to Florida's Long Arm Statute F.S 48.193 because the Defendants are engaged in

continuous business activities within the State of Florida and maintain a fixed and permanent office.

13. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b) since the acts complained of herein took place in this District, where Defendants maintain a local office from where Plaintiff worked from and reported to. In addition, Defendants' corporate offices located in Cape Coral, Florida are likewise within this district and from where the unlawful policies and practices complained of herein were created, carried out, and enforced.

14. Upon information and belief, Go Florida Investments Inc. has revenues of $500,000.00 or more in the previous three (3) years and employs ten (10) or more employees.

15. At all relevant times, Defendants have been, and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§206(a) and 207(a).

## THE PARTIES

16. At all times relevant to this action, Plaintiff Hill resided in Florida, and within this district, and at all times material, worked for Defendants as a Maintenance Manager.

17. Plaintiff worked from February 2022 until July 2022 as a Maintenance Manager, after previously working as a misclassified, property manager.

18. At all times of her employment, Plaintiff was paid on a salary basis, and never paid a premium for overtime hours or hours more than 40 in any workweek.

19. Defendants did not track and record Plaintiff's work hours, and never discussed the FLSA or overtime wage laws or the payment of premiums for overtime hours worked throughout Plaintiff's employment.

20. Defendant Koen Roelens is an employer as defined by 29 USC section 203d, as Koen Roelens is directly involved in decisions affecting employee compensation and hours worked by the Plaintiff and all other present and former employees. Defendant Koen Roelens also directed the work and the day-to-day work activities that the Plaintiff had to follow, created the unlawful pay practices alleged here, and enforced those pay practices.

21. Defendant, Go Florida Investments Inc. (GFII) is a Florida, for profit corporation with a principal place of business in Cape Coral, Florida located at 1404 Del Prado Blvd. S, Unit #110, Cape Coral, Florida 33990. Defendant may be served through its registered agent, owner and CEO, Koen Roelens at the same address. At all times material, Defendant GFII operated under numerous fictitious business names including: Roelens Vacations, Roelens Vacation Rentals and Management.

22. Defendant Koen Roelens, is the CEO of GFII and upon information and belief is the majority or sole shareholder of Go Florida Investments Inc.. Koen Roelens is a resident of Florida and subject to the personal jurisdiction of this court with a home address of 1906 SE 10th Place, Cape Coral, Florida 33990.

23. Defendant Koen Roelens also created, instituted and maintained the unlawful pay practices and schemes complained of herein, and was in charge of the day-to-day management of the company throughout the preceding 3 years to the present.

24. Defendants Koen Roelens and GFII jointly own and do business under the numerous Florida registered fictitious business names and operate or manage numerous rental properties and vacation properties throughout Florida where similarly situated present and former employees worked from or reported to.

25. As per Defendants' website, www.roelensvacations.com, Defendants operate, or manage homes in at least 14 different cities or geographic regions throughout the State of Florida, within the relevant three-year class period.

26. Defendants boast on their website managing 250 homes in the Cape Coral area alone and employing 25 persons.

27. Defendants, upon information and belief, employed upwards of 25 or more office workers under various titles, all of whom were paid on a salary basis and misclassified as exempt regardless of any individualized job or duties analysis in a scheme to violate the FLSA overtime pay requirements.

28. Plaintiff was paid on a salary basis throughout the term of her employment with Defendants.

29. The Defendants created and maintained a scheme to violate the FLSA by classifying all office worker employees as salaried exempt employees, including

Plaintiff, while concurrently misleading them through false statements and misinformation about the FLSA, overtime laws and compliance with the law.

30. Plaintiff Hill did not supervise 2 or more full-time employees and thus her position fails the application of the executive exemption.

31. Plaintiff's primary duties and responsibilities were office related administrative tasks which were routine and lacked any authority or discretion to make decisions which bind the company or involved the authorly an discretion to independently create, modify or institute company policies.

32. Moreover, Plaintiff had no discretion or authority to hire, fire or discipline any other employees, nor was she involved with any decisions on hiring or interviewing new employee candidates, or firing or disciplining or setting the compensation rates of any employees.

33. Defendants knew or should have known that Plaintiff's job duties and responsibilities fail to meet or satisfy the elements of the administrative exemption.

34. Plaintiff routinely worked more than 40 hours each workweek and without being paid a premium for all her work hours.

35. Plaintiff was expected and required by Defendants to work more than 40 hours in her workweeks and to work additional hours and handle work activities outside normal business hours and on weekends.

36. Defendants did not track and record plaintiff's work hours.

37. The positions Plaintiff worked in did not require any specific college degree, licensure, or education.

38. In order to complete the work assigned to her by Defendants, the Plaintiff routinely had to work more than 8 hours in a day and more than 40 hours in a week.

39. Plaintiff's manager/superior knew that Plaintiff was routinely working more than 40 hours in a week and without being paid a premium for overtime hours.

40. Plaintiff was also encouraged and permitted to work as many hours as she wanted into the evening hours and even on weekends, and Defendants have never restricted or limited her work hours, access to job sites, company files or programs, or disciplined Plaintiff for working extra hours.

41. Defendants were fully aware and knew that Plaintiff was working more than 40 hours each full work week.

42. At all times relevant to this action, Defendants were an employer of Plaintiff within the meaning of 29 U.S.C. §203(g).

43. Defendants maintained a policy and practice during the preceding three (3) years of misleading Plaintiff and other office workers on the FLSA and overtime laws, and their entitlement to overtime premiums.

44. The FLSA provides that, with certain exceptions, employers must pay employees overtime premiums for any hours over forty (40) worked in a week. 29 U.S.C. §207(a)(1). Although the FLSA provides for certain exemptions to the

mandates of paying overtime compensation, no exemption applies in the instant matter, and Defendants have willfully treated and misclassified Plaintiff as an exempt employee in violation of the FLSA by not paying premiums for overtime hours worked.

## COUNT I
## FAILURE TO MAINTAIN TRUE & ACCURATE RECORDS OF HOURS WORKED

45. Plaintiff adopts and re-alleges the foregoing paragraphs as if fully asserted herein.

46. All employers subject to the FLSA must maintain and preserve certain records describing the wages, hours and working conditions of their employees.

47. Evidence reflecting the precise number of overtime hours worked by Plaintiff as the applicable compensation rates, is in the possession of Defendants.

48. However, and to the extent records are unavailable, Plaintiff may establish the hours she worked solely by her testimony and the burden of overcoming such testimony shifts to the employer to prove the precise hours. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

49. With respect to an employee subject to the FLSA provisions, the following records must be kept:

a. Personal information, including employee's name, home address, occupation, sex, and birth date if under nineteen (19) years of age;

b. Hour and day when workweek begins;

c. Regular hourly pay rate for any week when overtime is worked;

d. Total hours worked each workday and each workweek;

e. Total daily or weekly straight-time earnings;

f. Total overtime pay for the workweek;

g. Deductions from or additions to wages;

h. Total wages paid each pay period; and

i. Date of payment and pay period covered

50. Failure to comply with the recordkeeping requirements is a violation of the FLSA for which criminal or civil sanctions may be imposed, whether or not other statutory violations exist. See, 29 U.S.C. §215(a)(5); See also, Dunlop v. Gray-Goto, Inc., 528 F.2d 792 (10th Cir. 1976).

51. Accurate records are not only required for regulatory purposes, they are critical to an employer's defense of claims that it violated the FLSA. An employer that fails to maintain the required records cannot avoid liability in a wage-hour case through argument that there is insufficient evidence of the claimed hours worked. See Wirtz v. First State Abstract Ins. Co., 362 F.2d 83 (8th Cir. 1966); Boekemeier v. Fourth Universalist Soc'y, 86 F. Supp. 2d 280 (S.D.N.Y. 2000).

52. An employer's failure to maintain records may create a presumption in the aggrieved employee's favor. See Myers v. The Copper Cellar Corp., 192 F.3d 546, 551 n.9 (7th Cir. 1999), citing Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

53. Defendants have failed to accurately record, track and report the Plaintiff's work hours as required under the FLSA.

54. Defendants have failed to make, keep and preserve records, with respect to each of its employees records sufficient to determine the wages, hours and other conditions and practices of employment in violation of 29 CFR §516.2 and 29 U.S.C. §§211, 216 and related laws.

**COUNT II**
**VIOLATION OF § 207 OF THE FLSA**

55. Paragraphs 1-44 are realleged and incorporated as if fully set forth herein.

56. At all relevant times, Defendants were the employers of Plaintiff within the meaning of the FLSA, and Defendants were subject to the FLSA 's requirements as a covered employer.

57. Plaintiff was willfully misclassified by defendants as an exempt employee and was not paid any premiums for the overtime hours she worked, meaning hours more than 40, throughout the term of her employment with the Defendants.

58. Alternatively, Defendants classified Plaintiff as an exempt employee but willfully refused to pay overtime premiums to her for the hours work over 40 in each and every work week.

59. Defendants encouraged Plaintiff to work as many hours as she could or wanted and knew that she was routinely working more than 40 hours each week, including communications outside regular business hours or on weekends.

60. As a result of Defendants' unlawful pay practices complained of herein, throughout the three (3) year class period to the present.

61. Defendants knowingly and willfully failed to pay Plaintiff overtime premiums and overtime compensation at the appropriate legal rate for all hours of work she performed on behalf of Defendants above and beyond forty (40) hours per workweek in violation of the FLSA, in particular 29 U.S.C. § 207.

62. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

63. Defendants knew or should have known that classifying employees, specifically Plaintiff as exempt from overtime simply because of being paid a salary or because of a job title of a manager fails to satisfy or meet the elements of any lawful and recognized exemption from the overtime requirements of the FLSA.

64. Defendants knowingly and willfully engaged in a scheme to avoid paying overtime wages and cannot and did not have a good faith basis under the FLSA for classifying Plaintiff as an exempt employee and willfully refusing to pay overtime premiums for the hours worked over 40 in each and every work week.

65. Plaintiff is thus entitled to and should be awarded liquidated damages of an equal sum of the overtime wages awarded or recovered for a period of three (3) years preceding the filing of this action to the present and continuing.

66. Due to Defendants' willful FLSA violations, Plaintiff is entitled to recover from Defendants the unpaid overtime compensation due and owing for all hours worked in excess of forty (40) in each and every workweek, an additional equal amount as liquidated damages, reasonable attorneys' fees, costs and expenses of this action, pursuant to 29 U.S.C. §216(b).

67. Plaintiff has suffered financial harm and loss of monies owed to her as a direct and proximate result of Defendants' unlawful pay practices complained of herein.

**WHEREFORE** Plaintiff, DEBORAH HILL demands judgment against Defendants for all unpaid overtime wages, plus an equal sum as liquidated damages, attorney's fees, costs and expenses of this litigation. Plaintiff seeks an award of any other legal and equitable relief as this Court may deem appropriate, fair and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Filed January 24, 2023.

Respectfully submitted,

*/s/Mitchell Feldman, Esq.*

**Mitchell L. Feldman, Esquire**
Florida Bar No.: 0080349
FELDMAN LEGAL GROUP
6916 W. Linebaugh Ave, #101
Tampa, Florida 33625
Tel: 813-639-9366 -Fax: 813-639-937
Mfeldman@flandgatrialattorneys.com
*Attorney for Plaintiff*